UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

David K. Parsons,
on behalf of himself and on behalf of
Anheuser-Busch Deferred Income Stock
Purchase and Savings Plan (For Employees
Covered by a Collective Bargaining
Agreement),

                Plaintiff,

vs.                                        Case No. 3:09-cv-584-J-25MCR

Anheuser-Busch Companies, Inc and BNY
Mellon, National Association,

                Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel and for Discovery Sanctions (Doc. 31) filed February 18, 2010.

### I.    BACKGROUND

On June 25, 2009, Plaintiff, David Parsons on behalf of himself and the Anheuser-Bush Deferred Income Stock Purchase and Savings Plan, filed a complaint against Defendants, Anheuser-Bush Companies, Inc. and BNY Mellon, National Association, under ERISA. (Doc. 1).

On October 16, 2009, the parties filed a Case Management Report (Doc. 26) in which Defendant, Anheuser-Bush Companies, Inc. ("Defendant"), agreed to produce

-1-

certain documents no later than November 15, 2009. Specifically, those documents included:

> 1. Administrative record;
> 2. Any potentially applicable policy of insurance,
> 3. Records of the receipt of the cash proceeds of the InBev transaction allocable to Plaintiff and their subsequent investment in the Indexed Balanced Fund and their sale; and
> 4. Records evidencing the formal adoption of the eighth amendment to the Plan on March 30, 2009 or any other date.

(Doc. 26, p. 1, ¶ 2). On October 20, 2009, the Court entered a Case Management and Scheduling Order that directed the parties "to meet the agreed upon terms and time limits in the parties' Case Management Report." (Doc. 28, p. 1, ¶ 1).

When Defendant failed to provide the aforementioned documents, Plaintiff filed the instant Motion to Compel and for Discovery Sanctions pursuant to Federal Rule of Civil Procedure 37 (Doc. 31). On March 4, 2010, Defendant filed its response to Plaintiff's Motion stating the majority of the documents sought have already been produced and the remaining documents would be produced subject to a confidentiality agreement (Doc. 36). Accordingly, this matter is now ripe for judicial determination.

## II. ANALYSIS

### A. Motion to Compel

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's

exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See id.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Again, in the instant case, Plaintiff seeks an Order compelling the following documents:

> 1. Administrative record;
> 2. Any potentially applicable policy of insurance,
> 3. Records of the receipt of the cash proceeds of the InBev transaction allocable to Plaintiff and their subsequent investment in the Indexed Balanced Fund and their sale; and
> 4. Records evidencing the formal adoption of the eighth amendment to the Plan on March 30, 2009 or any other date.

(Doc. 31, pp. 3-4).

With regard to item one, the administrative record, Defendant asserts that "any documents that can be considered part of the administrative record have been produced."  (Doc. 36, p. 5).  Based on this assertion, the Court finds Court intervention is not required.

With regard to item two, any potentially applicable policy of insurance, Defendant states it will produce a copy of the insurance policy subject to a confidentiality agreement.[1] (Id.). Defendant contends that the insurance policy was specifically negotiated, and therefore, there is a proprietary interest by both insurer and Defendant regarding the terms of the agreement. (Doc. 36, p. 5).

A court may enter a protective order upon motion of a party "for good cause shown." Fed. R. Civ. P. 26(c). Upon a finding of good cause, the Court may make any order "which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense, including" . . ."that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Id. Moreover, the Court may agree to enter a protective order when it is necessary to expedite the flow of discovery material, promote prompt resolution of disputes over confidentiality, and facilitate the preservation of material arguably worthy of protection. DYC Fishing, Ltd. v. Beaver St. Fisheries, Inc., 2007 U.S. Dist. LEXIS 41139, 2007 WL 1655389, *2 (M.D. Fla. May 18, 2007) (citing McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989)).

Here, Defendant generally states the need for a confidentiality agreement, but does not provide any additional information regarding the same. This is not sufficient to establish good cause. Defendant has not provided the Court with enough information to determine if a protective order is necessary and appropriate. As such, the Court will

---

[1]Defendant does not contend this information is not discoverable. See (Doc. 36).

grant Plaintiff's Motion to Compel with respect to this document and Defendant may move for a protective order, if necessary.[2]

With respect to item three, records of the receipt of the cash proceeds of the InBev transaction allocable to Plaintiff and their subsequent investment in the Indexed Balanced Fund and their sale, Defendant contends that it did not receive the proceeds of the InBev transaction on behalf of Plaintiff, the trustee did. (Doc. 36, p. 5). Therefore, the requested documents are in the possession of the trustee. (Id.). Additionally, the statements evidencing when the InBev cash came into Plaintiff's account and when it was put into default investment option are part of the correspondence between the parties during the administrative process. (Id.). Further, Defendant made detailed disclosures about the receipt and investment of cash from the InBev transaction in response to Plaintiff's interrogatories. (Id.). Therefore, the Court finds that all documents responsive to this request in Defendant's possession have been produced and Court intervention is not required.

Finally, with respect to item four, records evidencing the formal adoption of the eighth amendment to the Plan on March 30, 2009 or any other date, Defendant contends that it is not aware of the existence of documents which satisfy this request. (Doc. 36, p. 6). Again, based on counsel for Defendant's representations, the Court finds this request is due to be denied.

---

[2] The Court reminds the parties that according to the Case Management Report, "[t]he parties agree that certain documents and information may require a confidentiality stipulation, and will work toward agreeing to the terms of a mutually acceptable confidentiality agreement and protective order" (Doc. 26, p. 5).

### B. Motion for Sanctions

The Court will deny Plaintiff's request for sanctions against Defendant as the circumstances surrounding this Motion do not warrant the imposition of sanctions. Under Rule 37(b), sanctions are not generally warranted absent a showing of bad faith, willfulness or that the other party has been substantially prejudiced. See e.g., Searock v. Stripling, 736 F.2d 650 (11th Cir. 1984). Plaintiff has made no such showing here. Additionally, while counsel for Defendant corresponded with opposing counsel via several letters, it does not appear he called counsel with regard to the discovery requests at issue in the instant motion.[3] Furthermore, even the correspondence does not address the documents at issue here; rather, it refers almost exclusively to the Rule 26 documents. See (Docs. 31-1; 36-3). As such, the undersigned believes an award of sanctions would be unjust. Perhaps if counsel for Plaintiff had contacted counsel for Defendant immediately prior to filing the instant motion, the parties would have been able to resolve the dispute without court intervention.

## III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Motion to Compel and for Discovery Sanctions (Doc. 31) is

---

[3]The importance of the Local Rules cannot be overstated. All counsel are expected to be familiar with and comply with all applicable rules of this Court. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996). The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. Aug. 14, 2000).

**GRANTED in part and DENIED in part** as stated in the body of this Order.  Defendant, Anheuser-Bush Companies, Inc., is ordered to provide any potentially applicable policy of insurance no later than **Wednesday, April 7, 2010**.[4]

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  17th  day of March, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[4] Again, the Court notes that Defendant may move for a protective order, if necessary, and reminds the parties of their agreement "that certain documents and information may require a confidentiality stipulation, and will work toward agreeing to the terms of a mutually acceptable confidentiality agreement and protective order" (Doc. 26, p. 5).